UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAD JAHZEEL MARTIN,

      Plaintiff,

v.
                              Case No. 24-cv-

                              HON. _____
                              MAG. _____

DETROIT POLICE DEPARTMENT, and
AMANDA DOORLAG, ROBERT MACKEY,
BRIAN GADWELL and WILLIAM ZEOLLA,
in their individual and official capacities,
jointly and severally,

      Defendants.
_____/
Arnold E. Reed & Associates P.C.
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Attorneys for Plaintiff
17515 W. 9 Mile Rd., Ste. 425
Southfield, MI 48075
(248) 855-6330 | fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com
_____/

## COMPLAINT AND JURY DEMAND

      There is no other pending or resolved civil action arising
out of the transactions or occurrences alleged in this Complaint.

      NOW COMES Plaintiff, AMAD JAHZEEL MARTIN, through the Law

Offices of Arnold E. Reed & Associates, P.C., and states as follows for his Complaint

against Defendants, the DETROIT POLICE DEPARTMENT, and AMANDA DOORLAG, ROBERT MACKEY, and WILLIAM ZEOLLA, in their individual and official capacities, jointly and severally:

## JURISDICTION AND VENUE

1.      This is an action by Plaintiff, AMAD JAHZEEL MARTIN ("Plaintiff") against Defendants, the DETROIT POLICE DEPARTMENT, and AMANDA DOORLAG, ROBERT MACKEY, BRIAN GADWELL, and WILLIAM ZEOLLA, for claims that include, but are not limited to, violation of his civil rights and liberties, protected by the Fourth and Fourteen Amendments and actionable under 42 U.S.C. § 1983.

2.      Plaintiff, AMAD JAHZEEL MARTIN, resides within the Eastern District of Michigan, Southern Division judicial district.

3.      Defendant, the DETROIT POLICE DEPARTMENT ("DPD") is a municipal law enforcement agency, organized and existing under the laws of the State of Michigan and is subject to the personal jurisdiction of this judicial district.

4.      Defendant, AMANDA DOORLAG, was, at all times relevant to this action, an officer with the DPD and resides, upon information and belief, within the Eastern District of Michigan, Southern Division judicial district.

5.      Defendant, ROBERT MACKEY, was, at all times relevant to this action, an officer with the DPD and resides, upon information and belief, within the Eastern District of Michigan, Southern Division judicial district.

6.      Defendant, BRIAN GADWELL, was, at all times relevant to this action, an officer with the DPD and resides, upon information and belief, within the Eastern District of Michigan, Southern Division judicial district.

7.      Defendant, WILLIAM ZEOLLA, was, at all times relevant to this action, a sergeant with the DPD and resides, upon information and belief, within the Eastern District of Michigan, Southern Division judicial district.

8.      The events and/or omissions giving rise to this action occurred within the Eastern District of Michigan, Southern Division judicial district.

9.      Defendants acted at all relevant times in the matter under color of state law to deprive Plaintiff of his constitutionally protected civil rights and, therefore, are being sued in their individual and official capacities for violating Plaintiff's constitutional rights and for their willful, reckless, and wanton conduct, egregious actions, and deliberate indifference to Plaintiff's rights and safety.

10.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims alleging violation of his constitutional rights and liberties brought under 42 U.S.C. § 1983 (Counts I through VIII, *infra*).

11.     Pursuant to 28 U.S.C. § 1367, this Court possesses supplemental jurisdiction over Plaintiff's state law claims that arise from the same events and/or omissions which form the basis of Plaintiff's claims alleging violation of his constitutional rights and liberties (Counts IX through X, *infra*).

12.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to this action occurred within the Eastern District of Michigan, Southern Division judicial district.

## STATEMENT OF FACTS

13.     On August 22, 2023, at approximately 9:00 p.m., Plaintiff was driving to his home located at 7326 Ashton Avenue in Detroit, Michigan, from his grandmother's house.

14.     At that same time, Defendants DOORLAG and MACKEY, in a DPD patrol car, observed Plaintiff turn into his residential neighborhood and, then, onto Ashton Avenue allegedly without using a turn signal.

15.     Defendants DOORLAG and MACKEY followed Plaintiff and activated the patrol car's overhead flashing lights just as Plaintiff was turning into his driveway.

16.     Plaintiff parked his vehicle at the back of his driveway in view of Defendants DOORLAG and MACKEY, exited the vehicle, and started to walk down the driveway towards them with his hands visible and car keys in his left hand.

17.     Defendants DOORLAG and MACKEY both approached Plaintiff in his driveway, and Defendant DOORLAG had her gun drawn as she instructed Plaintiff to raise his hands.

18.     Plaintiff complied with Defendant DOORLAG's instructions and raised his hands.

19.     While standing in Plaintiff's driveway, Defendant DOORLAG then asked Plaintiff if he had a "valid driver's license".

20.     Plaintiff told Defendant DOORLAG that he did and lowered his hands to his sides, but stopped moving when Defendant DOORLAG asked, "[w]ithout reaching right now, you got a valid driver's license?" Plaintiff, again, responded that he did.

21.     Defendant DOORLAG then began questioning Plaintiff about whether he had a concealed weapons license.  Plaintiff either did not hear Defendant DOORLAG or understand her terminology and responded "[c]arry what?" when she asked "[o]pen carry?".

22.     In response, Defendant DOORLAG immediately pulled out her handcuffs and instructed Plaintiff to "turn around," intending to place them on his wrists.  Defendant MACKEY also stepped forward and attempted to take Plaintiff's keys from his left hand.

23.     At all times, Plaintiff's demeanor towards Defendants DOORLAG and MACKEY had been calm and respectful in every aspect.

24.     Upon realizing Defendants DOORLAG and MACKEY intended to place him in handcuffs, Plaintiff started to back away and began asking Defendants why they were arresting him.

25.     Defendants DOORLAG and MACKEY did not answer Plaintiff, but, instead, wrestled and/or knocked Plaintiff to the ground, forcibly detained, handcuffed, and arrested him, all without reasonable suspicion, probable cause, or other basis in law.

26.     Defendants DOORLAG and MACKEY, again, forcibly wrestled and/or knocked Plaintiff to the ground while he was handcuffed and they were walking him to their patrol car.

27.     At no point during this process did Defendants DOORLAG and MACKEY respond to Plaintiff's repeated questions, including his questions why they were doing this and why he was being arrested.

28.     Defendant ZEOLLA, a sergeant with the DPD, arrived on scene because of the force used by Defendants DOORLAG and MACKEY to arrest Plaintiff.   After discussions with, at least, Defendant DOORLAG, Defendant ZEOLLA had no issue with Plaintiff's treatment by Defendants DOORLAG and MACKEY or Plaintiff's arrest.

29.     A complete and thorough search of Plaintiff's vehicle by Defendant DOORLAG revealed no contraband or illegal items, prompting Defendant DOORLAG to state, "[i]t's fu***ing clean."

30.     A complete and thorough search of Plaintiff's person by Defendant DOORLAG revealed no contraband or illegal items.

31.     During the search and arrest process, Defendant DOORLAG, who is Caucasian, further improperly focused on Plaintiff's race and/or ethnicity, egregiously remarking, despite Plaintiff's Virgin Islands citizenship, "[d]awg, he wasn't Jamaican a minute ago", "that's crazy", Plaintiff's accent "kicked in after the fact", and "I've never seen anything like it."

32.     Defendant DOORLAG's behavior and demeanor directed to Plaintiff in this incident was motivated because of Plaintiff's race and/or ethnicity.

33.     Ultimately, Defendants DOORLAG and MACKEY, with the consent and approval of Defendant ZEOLLA, proceeded with their detention and arrest  of Plaintiff, without any valid or probable cause to do so, and improperly impounded Plaintiff's vehicle, having the vehicle towed from his home.

34.     Plaintiff was transported to the Detroit Detention Center where he was booked and confined.

35.     Defendant GADWELL, as Defendants DOORLAG and MACKEY's supervisor, additionally approved and authorized Plaintiff's detention, arrest and confinement after reviewing the information related to this incident.

36.     In addition to the unlawful actions described above, Defendants DOORLAG, MACKEY, ZEOLLA, and GADWELL collaborated to write a false police report, which inaccurately and fraudulently Plaintiff's actions as the basis for arrest, jailing, and subsequent prosecution of Plaintiff.

37.     In fact, as the result of the false and fabricated police report, Plaintiff, ultimately, was charged with two counts of assaulting, resisting, and obstructing a police officer.

38.     Both felony counts that Plaintiff was charged with, however, were later dismissed by the 36th District Court in their entirety at the preliminary exam on September 11, 2023, due to insufficient evidence, with the Court specifically finding, "[t]hey had no right to handcuff this man" and "there's nothing here."

## CAUSES OF ACTION

### FIRST CLAIM
### (42 U.S.C. § 1983)

39.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 38 above as if those allegations were fully set forth herein.

40.     Defendants, under color of state law, deprived Plaintiff of his rights and privileges conferred by the Fourth and Fourteenth Amendments of the United States

Constitution. Defendants violated Plaintiff's right to be free from unreasonable search and seizure, false arrest, and excessive force.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

## SECOND CLAIM
### (Deprivation of Civil Rights: Unreasonable Seizure)

41.   Plaintiff incorporates by reference and realleges Paragraphs 1 through 40 above as if those allegations were fully set forth herein.

42.   Defendants, and each of them, acted under the color of state law when they engaged in the actions described herein.

43.   By seizing, restraining and/or incarcerating Plaintiff, the actions of said Defendants, as described more fully herein, deprived the Plaintiff of his right to be free from unreasonable seizures as secured by the Fourth Amendment to the United States Constitution and were in violation of 42 U.S.C. Section 1983.

44.   As a direct and proximate result of said Defendants' actions, Plaintiff has suffered deprivation of his liberty while arrested and incarcerated; personal injuries, specifically including but not limited to his shoulders, arms, and entire body; damage to his reputation; emotional and psychological damages, physical pain and suffering, economic damages in the form of loss wages and/or other damages to be more fully set forth at the trial of the within matter.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

### THIRD CLAIM
**(Unlawful Restraint)**

45.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 44 above as if those allegations were fully set forth herein.

46.     Plaintiff was restrained and denied his liberty and freedom when he was confined within the Detroit Detention Center as described herein.

47.     Said restraint was unlawful, without probable cause, and/or against the will of the Plaintiff.

48.     Each of the Defendants herein intended to restrict the freedom of the Plaintiff by confining Plaintiff in the Detroit Detention Center.

49.     As a direct and proximate result of said confinement, Plaintiff was deprived of his liberty for an extended period of time and suffered emotional, physical and/or psychological damages.

### FOURTH CLAIM
**(28 U.S.C. § 1983 – Malicious Prosecution/Abuse of Process)**

50.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 49 above as if those allegations were fully set forth herein.

51.     Defendants, and each of them, initiated and/or participated in a bogus

criminal prosecution against the Plaintiff which culminated in the 36th District Court on September 11, 2023.

52.     No probable cause existed for the prosecution of Plaintiff, which was based on Defendants' improper arrest of Plaintiff, and Defendants clearly acted from malicious motive.

53.     Defendants falsified police reports and failed to fully and faithfully state truthful facts to offer them to the prosecuting attorney who as a result swore to false facts in the Complaint for which there was no probable cause.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

### FIFTH CLAIM
**(Assault-Excessive Force against Defendants Doorlag and Mackey)**

54.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 53 above as if those allegations were fully set forth herein.

55.     Defendants DOORLAG and MAKCEY, while acting within the course and scope of their employment with the DPD, willfully threatened and/or attempted to harm or touch Plaintiff offensively, and in excess of any legal right which they may have had, constituting objectively unreasonable excessive force.

56.     By their actions, Defendants DOORLAG and MACKEY reasonably placed Plaintiff in fear of offensive contact.

57.     Defendants DOORLAG and MACKEY knew with substantial certainty that their actions would bring about harmful of offensive contact to Plaintiff.

58.     As a direct and proximate result of the actions of Defendants DOORLAG and MACKEY Plaintiff was wrongfully and unlawfully placed in and suffered the apprehension and/or fear of harmful and offensive physical contact.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

### SIXTH CLAIM
### (Battery-Excessive Force Against Defendants Doorlag and Mackey)

59.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 58 above as if those allegations were fully set forth herein.

60.     Defendants DOORLAG and MACKEY intended to cause harmful or offensive contact with Plaintiff and harmful and/or offensive contact to Plaintiff resulted and/or said Defendants caused harmful or offensive contact with Plaintiff in excess of any legal right which they may have had, constituting excessive force.

61.     As a proximate result of the actions of Defendants DOORLAG and MACKEY, Plaintiff did incur physical and psychological pain, suffering, and/or discomfort as more fully described herein.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

### SEVENTH CLAIM
### (CONSPIRACY - 42 U.S.C. § 1985)

62.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 61 above as if those allegations were fully set forth herein.

63.     Each of the Defendants entered into a conspiracy with one another for the purpose of violating Plaintiff's constitutional rights as described herein.

64.     In so conspiring, Defendants collectively and individually committed numerous overt acts in the course and furtherance of this conspiracy, as will be established and proven at trial.

65.     As a direct and proximate result of Defendants' concerted actions, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution have been violated and Plaintiff has suffered injury, expenses, and damages.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

## EIGHTH CLAIM
### (Supervisory Liability Against Defendants Zeolla and Gadwell)

66.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 65 above as if those allegations were fully set forth herein.

67.     At the time the subject incident occurred, Defendant GADWELL, upon information and belief, was the direct supervisor of Defendants DOORLAG and MACKAY.

68.     At the time the subject incident occurred, Defendant ZEOLLA, upon information and belief, was the ranking officer at the scene when Plaintiff was detailed and arrested by Defendants DOORLAG and MACKEY and, as such, possessed supervisory authority over Defendants DOOLAG and MACKEY, including with regard to their decision to detain and arrest Plaintiff.

69.     Both Defendants ZEOLLA and GADWELL had the authority and duty to prevent Plaintiff's unlawful arrest and baseless prosecution that occurred in this case.

70.     The body cameras worn by both Defendant DOORLAG and Defendant MACKEY recorded their interaction with Plaintiff, the events leading to Defendants DOORLAG and MACKEY's unlawful arrest of Plaintiff, and the unlawful arrest itself, as more fully described herein.

71.     Upon information and belief, this video was in the Defendant DPD's possession and available to Defendants ZEOLLA and GADWELL to review and

consider whether Defendants DOORLAG and MACKEY's actions and decision to arrest Plaintiff were appropriate.

72.     Neither Defendant ZEOLLA nor GADWELL reviewed the body cam video depicting the entire incident and interaction with Plaintiff, despite the video being fully accessible to them, and, instead, rubber-stamped Defendants DOORLAG and MACKEY'S actions, thereby also encouraging Defendants DOORLAG and MACKEY's misconduct and/or directly participating in the false arrest, unlawful confinement, and malicious prosecution of Plaintiff in violation of his constitutional rights as described in greater detail herein.

73.     Alternatively, Defendants ZEOLLA and GADWELL reviewed the body cam video footage of this incident and deliberately ignored the facts that Defendants DOORLAG and MACKEY had no legitimate reason to detain or arrest Plaintiff, thereby also encouraging Defendants DOORLAG and MACKEY's misconduct and/or directly participating in the false arrest, unlawful confinement, and malicious prosecution of Plaintiff in violation of his constitutional rights as described in greater detail herein.

74.     Additionally, Defendants ZEOLLA and GADWELL directly assisted with the creation of a false police report and other documentation to substantiate Defendants DOORLAG and MACKEY's baseless and unlawful detention and arrest of Plaintiff, which led to Plaintiff's prosecution.

75.     Considering the body cam video footage of this incident that the Defendant DPD possessed and which was available to Defendants ZEOLLA and GADWELL to review, Defendants ZEOLLA and GADWELL's individual and combined failures to take adequate precautions amounted to deliberate indifference of Plaintiff's constitutional rights.

76.     Both Defendants ZEOLLA and GADWELL implicitly, if not directly, authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct committed by Defendants DOORLAG and MACKEY.

77.     As a direct and proximate result of Defendants' concerted actions, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution have been violated and Plaintiff has suffered injury, expenses, and damages.

WHEREFORE, Plaintiff claims punitive damages along with actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

### NINTH CLAIM
**(Intentional Infliction of Emotional Distress)**

78.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 77 above as if those allegations were fully set forth herein.

79.     The actions of each and every named Defendant herein intended to and/or should have known that the herein described actions taken would result in serious infliction of emotional distress upon the Plaintiff.

80.     The conduct of each and every Defendant was so extreme, utterly intolerable, and/or outrageous as to go beyond all possible bounds of decency.

81.     As a direct and proximate result of the conduct of each and every Defendant, Plaintiff has suffered and will continue to suffer serious mental, emotional, and/or psychological damages including, but not limited to humiliation, embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

82.     The mental, emotional, and/or psychological injuries to Plaintiff were incurred as a direct and proximate result of the conduct of each and every Defendant, both individually and collectively, are serious, and are of such a nature that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff claims actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled, together with costs, interest and attorney fees.

## TENTH CLAIM
**(Reckless Infliction of Emotional Distress)**

83.     Plaintiff incorporates by reference and realleges Paragraphs 1 through 82 above as if those allegations were fully set forth herein.

84.     Each and every Defendant herein, both individually and collectively, recklessly acted in such an extreme and outrageous manner that said Defendants should have known that the herein described actions taken would result in serious infliction of emotional distress upon the Plaintiff.

85.     Defendants' reckless conduct was so extreme, utterly intolerable, and/or outrageous as to go beyond all possible bounds of decency.

86.     As a direct and proximate result of said Defendants' conduct, Plaintiff has suffered and will continue to suffer serious mental, emotional and/or psychological damages including, but not limited to: humiliation, embarrassment, frustration, apprehension, and/or apprehension of possible physical harm.

87.     The mental, emotional, and/or psychological injuries to Plaintiff were incurred as a direct and proximate result of the conduct of each and every Defendant, both individually and collectively, are serious, and are of such a nature that no reasonable person could be expected to endure it.

WHEREFORE, Plaintiff claims actual damages in whatever amount in excess of Seventy-Five Thousand ($75,000.00) Dollars Plaintiff is found to be entitled,

together with costs, interest and attorney fees.

Respectfully submitted,

/s/*Arnold E. Reed*

ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Arnold E. Reed & Associates P.C.
Attorney for Plaintiffs
17515 W. Nine Mile Rd., Ste. 425
Southfield, MI 48075-4402
(248) 855-6330
fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com

Dated: August 8, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMAD JAHZEEL MARTIN,

       Plaintiff,

                                    Case No. 24-cv-

v.

                                    Hon. _____
                                    Mag. _____


DETROIT POLICE DEPARTMENT, and
AMANDA DOORLAG, ROBERT MACKEY,
and WILLIAM ZEOLLA, in their individual and
official capacities, jointly and severally,

       Defendants.

_____/

Arnold E. Reed & Associates P.C.
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Attorneys for Plaintiff
17515 W. 9 Mile Rd., Ste. 425
Southfield, MI 48075
(248) 855-6330 | fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com
_____/


**<u>JURY DEMAND</u>**


    Plaintiff, Amad Jahzeel Martin, through his attorneys, Arnold E. Reed &

Associates, P.C., hereby demands a trial by jury of all the issues in this action.

Respectfully submitted,

/s/*Arnold E. Reed*
ARNOLD E. REED (P46959)
HAROLYN D. BEVERLY (P44028)
Arnold E. Reed & Associates P.C.
Attorney for Plaintiffs
17515 W. Nine Mile Rd., Ste. 425
Southfield, MI 48075-4402
(248) 855-6330
fax (248) 855-6340
areed@arnoldreedlaw.com
hbeverly@arnoldreedlaw.com

Dated: August 8, 2024